By the Court.—Spencer, J.
This appeal raises this question: Can the effects of a copartnership be applied by one partner to the payment of his private debt, without the assent of his copartner or copartners 1
I am of the opinion that they cannot; and that the title of the firm to property cannot be divested in favor of, or vested in, said separate creditor, without the assent of the other members of the firm. This principle was clearly established in Dobb ». Halsey (16 Johns. 38), although the cases are not parallel, so far as the character of the property and interest of the firm involved.
But the counsel for the respondent urges strongly that there is no proof in this case that defendant knew this was partnership property; and to make him liable as the purchaser from the firm, it must appear that he knew at the time he received it on his private debt, that it was partnership property.
There is some evidence that the defendant had such knowledge, but for the purpose of a decision in this case, I will assume an entire absence of proof on that point; and I hold that this ignorance or want of knowledge as to the property belonging to a firm, makes no difference.
if the effects of a firm be so applied, the question of the liability of the creditor receiving them, to account *156 for and pay to the firm, does not depend upon the creditor having or not having knowledge of the same being partnership property, but depends upon the fact as to whether or not the copartners assented to the transaction.
The authority of a partner to sell and dispose of the firm effects extends only to the business and transactions of the partnership ; whatever he does beyond this that is claimed or that can be held to bind the partnership, must be based upon some authority, express or implied, or the intervention of some principle of law or equity beyond his general authority as a partner. If he gives the written obligation of the firm, or takes the chattels or goods of the firm, and applies the same directly, in payment of his private debt, he must have the assent of his copartners. He should not be permitted to dispose of their property or make them liable, unless he has been authorized by them so to do. It is true the firm may become liable to bona fide purchasers of their negotiable paper, or in like manner, they may lose title to their specific chattels, by reason of a bona fide purchase and payment of the same, in such manner as would prevent them from claiming title; but the latter questions do not arise here. The defendant parted with nothing. He received the specific property of Geery & Kendall, on account of the private debt of Kendall, due to him, without the consent or assent, or even knowledge of the other copartner (plaintiff Geery). I hold, that under the circumstances, the title did not pass from the firm, and the latter, or its assigns, may reassert title, and claim and recover the value of the property, ás if sold by them.
The opinion of Judge Stoby, in the case of Rogers v. Bachelor (12 Pet. 229, 230), is directly in point. He concludes his views on this point, by saying:
“But we think that the true principle to be extracted from the authorities is, that one partner cannot *157 apply the partnership funds or securities to the discharge of his own private debt without their consent; and that without their consent their title to the property is not divested in favor of such separate creditor, whether he knew it to be partnership property or not. In short, his right depends not upon his knowledge that it was partnership property, but upon the fact, whether the other partners had assented to such disposition of it or not.”
The judgment should be reversed and a new trial ordered, costs to abide the event.